■ In the Matter of NATALIE A. CALWIL, Appellant, v. WARREN W. CALWIL, Respondent.— Order entered July 10, 1969, herein appealed from, affirmed, without costs and without disbursements, and without prejudice to a renewal of the application by petitioner for support if petitioner be so advised. Petitioner commenced this proceeding in Family Court to modify the support provisions of a Mexican decree of divorce obtained by her so as to provide for increased maintenance for the two infant children of the parties and support for herself.

Maintenance for each child was increased to $50 per week, but support was denied petitioner. The parties were married December 30, 1954, and separated on or about June 8, 1964, at which time a separation agreement, so dated, was entered into by and between them. By the terms of the agreement petitioner agreed not to demand any sums for alimony or support. However, respondent agreed to pay the sum of $25 per week each for the support of the two children. It was agreed also that in the event of the sale of the jointly-owned house the net proceeds would be divided equally between the parties. Petitioner later obtained a Mexican decree of divorce in which the provisions of the agreement were incorporated, though the agreement itself was not merged therein. Respondent, in seeking to sustain the order urges, *inter alia,* the New York courts are bound by the agreement incorporated in the decree, equitable estoppel, and that there is no danger of petitioner becoming a public charge. Petitioner advances several grounds, most basic of which is her contention as to the invalidity of the agreement with respect to its lack of any provision for support for petitioner. As provided in the agreement the house was sold and the net proceeds divided equally. From the record and respondent's own testimony petitioner was a tenant by the entirety having an undivided one-half interest in the house. In fact she contributed $2,700 of money earned by her before moving toward its purchase, respondent contributed approximately the same, and they borrowed $7,000 from petitioner's father. The court properly allowed increased maintenance for the children as a result of demonstrated increased needs and no lack of ability on the part of respondent to meet the added obligation. On the issue of support for petitioner, attention is directed to section 5-311 of the General Obligations Law which so far as pertinent provides that "A husband and wife cannot contract to alter or dissolve the marriage or relieve the husband from his liability to support his wife". There is no provision in the agreement for support of the wife. While this court has the power to modify the order with respect to support for the petitioner, the record before us does not permit of an informed determination equitable to both parties. Nor does *McMains* v. *McMains* (15 N Y 2d 283) mandate a contrary disposition. In that case provision was made for the support of the wife, and the Court of Appeals ruled, under the circumstances there present, if such provision were adequate when made it would not be disturbed unless it appeared that the wife was actually unable to support herself on such amount and in actual danger of becoming a public charge. In the case on appeal there was no provision made for the support of the wife. The statute, as noted, prohibits a contract between husband and wife to relieve the husband from his liability to support his wife. Concur — Stevens, P. J., Eager, Markewich and McNally, JJ.